UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------
DYLAN GIBBONS,
                        plaintiff,

    -against-                      12-CV-1605

S PRINDLE,                              FJS/RFT

                      defendant,
-----------------------------------

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 19 2013
AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S PARTIAL MOTION TO DISMISS THE COMPLAINT**

                                      DYLAN GIBBONS
                                      Five Points
                                      Corr Fac
                                      State Route 96
                                      PO BOX 119
                                      Romulus,N.Y.
                                      14541

Dated: February 11,2013

## Table of Contents

PRELIMINARY STATEMENT..................................1

Statement of Facts....................................1

Standard of Review....................................1

POINT I
PLAINTIFF'S PENDENT STATE LAW CLAIMS CONTAINED IN THE
COMPLAINT SHOULD NOT BE DISMISSED BECAUSE NEW YORK STATE
CORRECTIONS LAW §24 IS UNCONSTITIONAL..................2

POINT II
PLAINTIFF'S SEXUAL ABUSE CLAIM IS A VIOLATION UNDER THE
8th AND 14th AMENDMENTS...............................3

**PRELIMINARY STATEMENT**

This action was commenced pursuant to 42 USC §1983 by the filing of a complaint by plaintiff, Dylan Gibbons, on October 26,2012. This memorandum of law is submitted on behalf of plantiff in support to oppose defendant S.Prindle's partial motion to dismiss plaintiff's conplaint pursuant to FRCP 12(B)(6)

**Statement of Facts**

On January 18,2012 at approximatly 8:42am plaintiff was in the prison yard at Eastern Correctional Facility.Defendant CO S Prindle stopped plaintiff in the yard and directed plaintiff to put his hands on the wall for a pat frisk. Defendant S. Prindle "began rubbing his hands on plaintiff's genitals in a sexual way." There after plaintiff went into the armory where defendant struck plaintiff in his legs five times with a baton causing plaintiff to sustain a deep gash, numerous bruises and abraisions to his legs.

**Standard of Review**

Plaintiff is proceeding in this matter pro-se, and therefore "a court is obliged to construe his pleadings liberally." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir.2004)(citing Weinstein v. Albright, 261 F.3d 127,132(2d Cir. 2001).A pro-se complaint... must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v pardus, 551 U.S.89, 127 S.Ct. 2197,2200(2007)Accordingly, the "dismissal of a pro-se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykins v KeyCorp, 521 F 3d 202, 216 (2d Cir. 2008)

1

## POINT I

**PLAINTIFF'S PENDENT STATE LAW CLAIM CONTAINED IN THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE NEW YORK STATE CORRECTIONS LAW §24 IS UNCONSTITUTIONAL.**

Plaintiff's claims should not be dismissed because the United States Supreme Court held in Haywood v Drown 556 U.S.729(2009) that NY Correct Law §24 is unconstitutional. Defendant attempts to use NY Correct Law§24 a statute which precludes inmates from bringing civil suits against corrections officers in their individual capacities, protection afforded by §24 is not absolute. legislature has limited its availability to acts or omissions occuring "within the scope of an officers employment and in discharge of his duties"

Defendants' reliance on NY Correct §24 is not a defense against plaintiff's complaint because the defendant engaged in clearly unconstitutional conduct.S.Prindle set in motion a series of events that he knew would cause a constitutional violation. Furthermore defendant did not act pursuant to orders, policy or regulations. 7NYCRR 251-1.2(d) and Correct Law §137.5; Any bodily contact between an inmate and a prison official must be lawful force needed to maintain security and must relate to some penological need. Defendant cannot demonstrate that he was maintaining order or discipline because plaintiff broke some prison rules. Touching the plaintiff in a sexual way and hitting him with a baton for no reason is not a penological need or within the scope of the officers employment and therefore this court should allow plaintiff's claim to withstand the defendants' motion for partial dimissal.

2

Secondly, the Eleventh Amendment does not forbid suing state officials for damages in their individual capacities. see; Bad Frog brewery,Inc v New York State liquor authority 134 F.3d 87,102 (2d Cir.1998) Defendant S.Prindle is not protected by qualified immunity because he acted under the color of state law. likewise this court may also hear state claims arising from the same facts. In plaintiff's complaint the defendant S.Prindles' actions did not stop with the sexual abuse he furthered his wrong doing by using unecessary and excessive force against the plaintiff. All facts are interwoven and therefore violated State and Federal law.

## POINT II

### PLAINTIFF'S SEXUAL ABUSE CLAIM RISES TO A VIOLATION UNDER THE 8TH AND 14TH AMENDMENTS.

Plaintiff makes a claim of sexual abuse under the Eighth and Fourteenth Amendments, regarding a pat frisk conducted by the defendant on January 18, 2012. Specifically when defendant got to plaintiff's lower half of his body defendant rubbed his hand on plaintiff's genitals.

It is clear that to establish an Eighth Amendment violation of sexual abuse, plaintiff must prove both a subjective and an objective prong. Courts have held that the subjective prong can be shown directly by evidence of "Repeated examples of acts which disclose a pattern of conduct..." Todaro v Ward 565 F.2d 48,52(2d Cir.1997). Plaintiff intends to show that defendants' conduct was not a spontaneous act or done in "good-faith" but rather deliberate for the purpose of causing harm to plaintiff. There are numerous complaints and grievances filed accusing defendant S.Prindle of sexual abusing other inmates at Eastern N.Y. Correctional facility.

Defendant should not prevail on his motion for partial dismissal because it would be unfair to the plaintiff. Discovery in this case will be extremely important to plaintiff due to the fact that discovery can show subjectively that defendant has a pattern of similar sexual abusive conduct.

Plaintiff has suffered physical and psychological harm as a result of defendants' sexual abuse. Physical and phychological harm was done in one sweeping motion which flowed fluently, had the sexual abuse not occurred there would not be excessive force used against plaintiff. Objectively the Constitutional deprivation occurred when the defendant grabbed plaintiff in a sexual way. Fondling one's penis is not "routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society." Hudson v McMillian, 503 U.S. 1, 112 S.Ct 995(1992)(quoting; Rhodes v Chapman 452 U.S.347 101 S. Ct.2392(1981). Likewise can be said for any violation of prison rules Defendant also violated plaintiff's Equal protection rights, by intentionally engaging in sexual abusive conduct. Furthermore defendant can not claim that society believes grabbing ones penis sexual manner is acceptable and decent behavior  Defendants actions offended the "Evolving standards of  decency." Trop v Dulles 356 U.S.86 In addition courts have also held that contemporary standards of decency have now evolved to the point that any sexual assault of a prisoner by a employee constitute cruel and unusal punishment. Rodrigues v McClenning, 399 F.SUPP.2d 228, 237-38(SDNY 2005)

## CONCLUSION

For the reasons discussed above, this court has jurisdiction pursuant to 28 USC 1343(3)(4),and 1367. Defendants' partial motion to dismiss pursuant to FRCP 12(b)(6) should be denied. Plaintiff

should be afforded the opportunity to proceed to trial with all claims.

Dated: February 11,2013

                                              Dylan Gibbons #02A2053
Five Point Corr Fac
State Route 96 Po.Box 119
Romulus,New York 14541

## CERTIFICATE OF SERVICE

I, Dylan Gibbons, make this declaration under the penalty of perjury(and in compliance with 28 U.S.C. §1746) that on the below date I have served a copy of the within response to defendants partial motion to dismiss, by first class mail, and by placing a copy of the same in an envelope with prepaid postage being made. The same was placed in an official depository under the exclusive care and custody of the State of New York Department of correctional services The enclosed was sent to the following addresses:

Eric T. Schneiderman
Attorney General of the State of New York
Attorney for defendant
The Capitol
Albany, New York 12224-0341

United States District Court
Northern District of New York
P.O. Box 7367, 100 south Clinton St.
Syracuse, NY13261-7367


Dated: february 13, 2013

_____
Dylan Gibbons# 02A2053
Five Point Corr Fac
State Route 96 P.O. Box119
Romulus, NY 14541

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------
DYLAN GIBBONS,

                    plantiff,              NOTICE OF MOTION

        -against-                           12-CV-1605
                                               FJS/RFT
S PRINDLE,

                    defendant,
---------------------------------
```

**PLEASE TAKE NOTICE**, that plaintiff, Dylan Gibbons on    2013 at 9:30 am, or as soon thereafter as counsel can be heard, will make a motion at the United States District Court, Northern District of New York, Syracuse New York, in opposition to defendant's motion to dismiss pursuant to Rule 12(B)(6) of the Federal rules of Civil procedure.

Dated: february 13, 2013

Dylan Gibbons 02A2053<br>
Five Points Corr Fac.<br>
state Route 96 P.O.box 119<br>
Romulus, N.Y. 14541

To: Attorney General of the
State of New York
Attorney for defendant S.Prindle
The Capitol
Albany, New York 12224-0341

Xiawi Gibbons 02A2053
Ye Points Correctional Facility
State Route 96, PO Box 119
Romulus, N.Y. 14541

8 CV-1605

1/32
.92 stamp
.40
.38-fee
Need

Clerk, United States District Court
Northern District of New York
PO Box 7367, 100 South Clinton S
Syracuse, NY 13261-7367

FEB 19 2013
RECEIVED

FIVE POINTS CORRECTIONAL
FACILITY
LEGAL MAIL ONLY

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.00
FEB 15 2013
02 1A
0004368087
MAILED FROM ZIP CODE 14541

FIVE POINTS CORRECTIONAL FACILITY