**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DYLAN GIBBONS,

                                          Plaintiff,

                - v -                                                    Civ. No. 9:12-CV-1605
                                                                              (FJS/RFT)

S. PRINDLE, *Correctional Officer, Eastern Correctional Facility*,

                                          Defendant.

**APPEARANCES:**                                                   **OF COUNSEL:**

DYLAN GIBBONS
Plaintiff, *Pro Se*
02-A-2053
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ERIC T. SCHNEIDERMAN                    GREGORY J. RODRIGUEZ, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Dylan Gibbons brings this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that Defendant Prindle violated his constitutional rights while Plaintiff was incarcerated at Eastern Correctional Facility. Dkt. No. 1, Compl. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Prindle moves for partial dismissal of the Complaint. Dkt. No. 13. Plaintiff opposes the Motion. Dkt. No. 17. For the reasons that follow, this Court recommends that Defendant's Motion be **granted**.

## I. BACKGROUND

In accordance with the applicable standard of review, the following facts derived from the Complaint are taken as true. *See infra* Part II.A.

Plaintiff was at all times relevant to the Complaint incarcerated at Eastern Correctional Facility where Defendant Prindle was employed as a Corrections Officer. *See* Compl. at ¶¶ 1 & 2. On January 18, 2012, at approximately 8:42 a.m., Plaintiff was in the Eastern prison yard when he was stopped by Defendant Prindle and directed to put his hands on the wall for a pat frisk; Plaintiff complied. *Id*. at ¶¶ 4–6. During the pat frisk, Defendant Prindle rubbed his hands on Plaintiff's genitals. *Id*. at ¶ 8. Defendant Prindle then escorted Plaintiff to the armory where he used his baton to strike Plaintiff five times on his lower legs causing a deep gash, numerous bruises, and an abrasion. *Id*. at ¶¶ 10–12. Following the incident, Plaintiff was taken to the infirmary for treatment. Generally, Plaintiff asserts that Defendant Prindle violated his Eighth Amendment right to be free from cruel and unusual punishment and also violated New York State law barring sexual assault and battery.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468

U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at \*2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### B. Eighth Amendment

In moving for partial dismissal, Defendant Prindle seeks to dismiss Plaintiff's Eighth Amendment claim to the extent he claims that the alleged sexual assault of Plaintiff amounted to an Eighth Amendment violation.

To set forth an Eighth Amendment claim, a prisoner must demonstrate that (1) the alleged conduct is objectively, sufficiently serious; and (2) the prison official acted with a sufficiently culpable state of mind, that is, he acted maliciously and sadistically to cause harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1 (1992). In *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir.1997), the Second Circuit acknowledged that sexual abuse of a prisoner by a corrections officer may, in some circumstances, violate the prisoner's Eighth

Amendment right to be free from cruel and unusual punishment. 105 F.3d at 860-61. Therein, the Circuit Court stated that,

> [s]exual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison official can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. Moreover, like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society."

*Id.* (internal citations omitted).

Although Plaintiff alleges that a number of complaints had been filed against Defendant Prindle for sexual abuse, he does not claim that he had been the victim of such abuse beyond the one instance alleged in the Complaint. Compl. at ¶ 15. The isolated incident described by Plaintiff in his Complaint does not rise to the level of harm encompassed in Eighth Amendment jurisprudence. Indeed, the singular incident of groping Plaintiff's genitals, while clearly improper, is not one that would violate contemporary standards of decency and cause physical and psychological harm. *See Boddie v. Schnieder*, 105 F.3d at 861 (holding that a "small number of incidents in which [the inmate] allegedly was verbally harassed, touched, and pressed against without his consent" were not, in isolation nor taken together, objectively serious enough to invoke the protections afforded under the Eighth Amendment); *Moncrieffe v. Witbeck*, 2000 WL 949457, at *5 (N.D.N.Y. June 29, 2000) (dismissing inmate's sexual harassment claim based on two incidents of improper touching during pat frisks as failing to state a cognizable Eighth Amendment claim).[1] Thus, we recommend

---

[1] The Court notes that in a multitude of cases, allegations of sexual abuse during pat frisks were found not to have implicated the Eighth Amendment:

*Davis v. Castleberry*, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (allegation that correctional officer grabbed inmate's penis during pat frisk insufficient to state constitutional claim); *Montero v. Crusie*, 153 F. Supp. 2d 368 (S.D.N.Y. 2001) (allegation that, on several occasions, correctional officer squeezed inmate's genitalia while pat frisking him did not show sufficiently serious deprivation to

(continued...)

**granting** Defendant's Motion for Partial Dismissal as it pertains to the Eighth Amendment and the alleged improper touching during the pat frisk.

### C. New York Corrections Law § 24

Within his Complaint, Plaintiff asserts that he is bringing claims pursuant to New York State law for sexual assault and battery against Defendant Prindle. Compl. at Claims For Relief.

A federal court exercising pendent jurisdiction must apply state law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996). "Thus, if state law does not recognize a plaintiff's right to bring an action in state court, a federal court, exercising pendent jurisdiction, sitting as a state court, must follow the state law limitation on jurisdiction." *Livingston v. Griffin,* 2007 WL 2437433, at *2 (N.D.N.Y. Aug. 22, 2007) (citing *Baker v. Coughlin,* 77 F.3d 12, 15 (2d Cir. 1996)).

Defendant argues that this claim is barred by N.Y. CORR. LAW § 24, which reads:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

Thus, § 24 precludes "the assertion of claims against corrections officers [in their personal capacities] in any court, including the federal courts," by designating the New York State Court of

---

[1](...continued)
establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such conduct); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997) (allegation that correctional officer put his hand down inmate's pants and fondled inmates genitals during pat frisk failed to state constitutional claim).
*Murray v. Bushey*, 2009 WL 498144, at *6 (N.D.N.Y. Feb. 26, 2009).

Claims as the only available venue to bring a claim for damages arising out the acts committed by corrections officers within the scope of their employment. *Baker v. Coughlin,* 77 F.3d at 14-15. And, because the Court of Claims is a court of limited jurisdiction, hearing only claims against New York State and no other individual or entity, § 24 amounts to a grant of immunity for corrections officers sued in their personal capacities for claims arising out of the discharge of their duties. N.Y. CT. CLMS. LAW § 9.

The Supreme Court held in *Haywood v. Drown*, 556 U.S. 729 (2009), that § 24 is inconsistent with the Supremacy Clause, U.S. Const. Art. VI, cl. 2, when used to relegate to the Court of Claims those civil rights actions brought pursuant to 42 U.S.C. § 1983. The *Haywood* Court held that New York State, having created courts of general jurisdiction that routinely hear § 1983 actions against all types of state actors, "is not at liberty to shut the courthouse door to federal claims [against corrections officers] that it considers at odds with its local policy." *Id.* at 740. The Supreme Court found such selective treatment of § 1983 claims brought against corrections officers to be "contrary to Congress' judgment that *all* persons who violate federal rights while acting under color of state law shall be held liable for damages," and therefore, in violation of the Supremacy Clause. *Id.* at 736–37 (emphasis in original).

In this case, Plaintiff has brought state law tort claims for sexual assault and battery. Although the *Haywood* decision found § 24 to be in violation of the Supremacy Clause, it did so only with respect to claims brought under § 1983, a federal statute. A claim brought pursuant to a state law does not implicate the Supremacy Clause, and therefore, the *Haywood* decision does not affect the question of whether this Court has proper jurisdiction to hear this pendent state law claim.

Even after *Haywood*, a New York state court (other than the Court of Claims) would not have jurisdiction to hear Plaintiff's pendent claim pursuant to § 24 because Plaintiff has alleged acts that clearly fall within the scope of the Defendant's employment duties as a corrections officer. Therefore, this Court does not have jurisdiction to hear the pendent state law claims for sexual assault and battery, and it is recommended that such claims be **dismissed**. *Baker v. Coughlin,* 77 F.3d at 14-16, *see also, e.g., Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 139 (S.D.N.Y. 2002) (dismissing plaintiff's pendent state law claims pursuant to § 24).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Partial Dismissal (Dkt. No. 13) be **GRANTED** and Plaintiff's 8th Amendment claim for sexual assault and any state tort claims should be **DISMISSED**; and it is further

**RECOMMENDED**, that if the above recommendation is accepted, Defendant Prindle should be directed to file an Answer regarding the surviving Eighth Amendment claim of excessive force; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: September 18, 2013
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge