**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DYLAN GIBBONS,

                                Plaintiff,

       - v -                                         Civ. No. 9:12-CV-1605
                                                                  (FJS/RFT)

S. PRINDLE

                                Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

On April 7, 2014, Gibbons filed a Motion to Compel. Dkt. No. 26. When responding to Gibbons's Demands for Admissions, Interrogatories, and Production, Prindle registered objections to several of those demands: (1) Request for Admission numbered 11; (2) Demands for Production Numbered 1, 3, 12, and 13; and (3) Demand for Interrogatories numbered 6 and 7. Dkt. No. 26-1. On April 28, 2014, Prindle responded to Gibbons's Motion to Compel. Dkt. No. 27, Gregory J. Rodriguez, Esq., Affirm., dated Apr. 28, 2014. Hereinbelow are the Court's Rulings:

### A. Requests for Admissions

*No. 11. Defendant has had several grievances and complaints filed against him for sexual harassment/sexual abusive conduct.*

Prindle objected on the grounds that Gibbons's Eighth Amendment claim for sexual assault was dismissed. Dkt. No. 27 at Ex. A. Prindle's objection is indeed correct. On October 18, 2013, the Honorable Frederick J. Scullin, Jr., Senior United States District Court Judge, issued an Order adopting, in its entirety, the September 18, 2013 Report-

Recommendation and Order that recommended dismissal of Gibbons's Eighth Amendment Claim for sexual assault and any state tort claims. Dkt. No. 19. Because the sexual assault claim has been dismissed, Prindle is not required to answer this Request for Admission.

**B. Demand for Interrogatories**

*No. 6. State how many grievances and complaints pertaining to mistreatment of inmates have been filed against you in the last 7 years.*

Prindle's principal objections raise confidentiality and security issues. Dkt. No. 27, Ex. B. These objections have legal resonants, as well as other bases; however, the Court does not fully endorse Prindle's objection to the extent it is based upon an unwarranted invasion of personal privacy. First, grievances and complaints against correctional employees are not shared with inmates for obvious security reasons. Second, a request for a seven-year period is unreasonable and not relevant. But for grievances and complaints filed by other inmates being confidentiality, if any grievances and/or complaints would be relevant, the relevant period would be one year period before and after January 8, 2012, the date the excessive force claim accrued. Third, the term "mistreatment" is both vague and overbroad because it could encompass many events and circumstances that are not relevant. Since the only surviving cause of action is excessive force, such a claim could not support a request so broad. Therefore, this Demand is burdensome and seeks inmate confidential information. Nonetheless, the Court discusses herein a review of certain records to determine if indeed there are grievances and/or complaints regarding whether Prindle may have previously committed excessive force upon other inmates.

*No. 7. State whether there are any records of corrective interviews with Eastern Correctional Facility staff concerning use of force unnecessarily or sexual harassment within the last 7 years.*

Prindle need not answer this Interrogatory for all of the reasons stated above. Because of those stated reasons, the interrogatory is vague, overbroad, and not relevant.

### C. Demand for Production

*No. 1. Any and all grievances, complaints, or other documents . . . concerning the mistreatment of inmates by defendant S. Prindle.*

Prindle's objection is based upon New York Civil Rights Law section 50-a which states that correction officers' personnel files are deemed confidential. However, federal courts do not have to recognize state created privileges. Notwithstanding this lack of recognition, Federal Court instead perform a balancing analysis between the protection afforded such records and a party's need for relevant information. In conducting such a balancing analysis, this Court directs Prindle to provide us with his personnel file for an *in camera* review to determine if there may be relevant information that can be shared with Gibbons.

*No. 3. Any and all policies, directives, or instructions to staff concerning leave or being [relieved] of work post by Eastern Correctional Facility.*

The Court agrees with Prindle that such material in the hands of an inmate would pose a security risk. Moreover, such information is not relevant nor is it reasonably calculated to lead to admissible evidence.

*No. 12 & 13. Provide copies of State of New York Department of Correctional Services Directive #2111 and #2260.*

Since the Court is conducting an *in camera* review of Prindle's personnel records, Directive ## 2111 and 2260 shall be submitted to the Court to determine if they are relevant to this lawsuit.

In sum, Gibbons's Motion to Compel is **granted in part and denied in part**. Prindle shall file with the Court his personnel file and Directives ## 2111 and 2260 for an *in camera* review by **June 9, 2014.**

The Clerk of the Court shall mail a copy of this Decision and Order to Dylan Gibbons at his last known address.

**IT IS SO ORDERED**.

May 23, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge