UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————

DYLAN GIBBONS,

                                        *Plaintiff*,

                -against-                                    12-CV-1605

S. PRINDLE,                                                  LEK/CFH

                                        *Defendant*.

———————————————————

**DEFENDANT'S PRE-TRIAL MEMORANDUM OF LAW**


                              ERIC T. SCHNEIDERMAN
                              Attorney General of the State of New York
                              Attorney for Defendant Simon Prindle
                              The Capitol
                              Albany, New York  12224-0341

Gregory J. Rodriguez
Assistant Attorney General, of Counsel
Bar Roll No. 301842
Telephone:  (518) 474-4367
Fax:  (518) 474-5284 (Not for service of papers)                Date: April 13, 2015

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT
POINT I - THE RECORD EVIDENCE FAILS TO SUPPORT
A COGNIZABLE  CLAIM OF EXCESSIVE FORCE
PURSUANT TO 42 U.S.C. § 1983 …………………………………………………………………2

     No Rational Jury Could Find That the Alleged Force Used
     in the Incident of January 18, 2012 Was Excessive, or
     That the Defendant Acted With the Requisite Scienter
     or Used Anything More Than De Minimis
     Force……………………………….......................................................................................3

     A.    Based on the objective evidence plaintiff, at most,
          Can Only demonstrate a *de minimis* use of force…………………………………5

     B.    On the evidence presented no reasonable jury
          could issue a verdict in plaintiff's favor………………………………………..7

Conclusion…………………………………………………………………………………..8

## PRELIMINARY STATEMENT

Plaintiff, Dylan Gibbons (02-A-2053), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the care and custody of the New York State Department of Corrections and Community Supervision.  He is currently confined at Five Points Correctional Facility where he is serving a sentence for Second Degree Murder.  *See*, http://nysdoccslookup.doccs.ny.gov.

In this action, plaintiff's claims involve an incident that occurred at Eastern Correctional Facility on January 18, 2012.  On January 18, 2012, Corrections Officer Simon Prindle was watching the "large side of the armory" when he observed plaintiff pass an unknown item to another inmate.  Plaintiff then left the armory and entered the yard.  Officer Prindle followed and gained plaintiff's attention by tapping him on the right shoulder.  When asked by Officer Prindle for his identification card, plaintiff handed it back over his right shoulder without turning around. At the same time, plaintiff retrieved an unknown object from his left front pocket and placed it in his mouth.  Officer Prindle grabbed plaintiff by his shirt and ordered him to place his hands on the wall.  Plaintiff refused and attempted to flee back into the armory, pulling Officer Prindle after him.   Plaintiff refused to comply with Officer Prindle's orders.  Officer Prindle then activated his personal alarm to request  assistance.  Officer Prindle drew his baton and struck defendant twice on his lower right leg.  Defendant pulled off his shirt, escaped from Officer Prindle, and headed towards the bathroom.  As Officer Prindle pursued defendant, inmate Thompson stepped in front of him, halting his pursuit.  While Officer Prindle ordered Thompson to put his hands on the wall, Officer Todd Brown, who responded to Officer Prindle's call, retrieved plaintiff from the shower area and placed him in mechanical restraints.  After the response team arrived, Officer Brown escorted plaintiff to the facility hospital.  Plaintiff was

1

examined by Nurse Sue Gaynor, who treated him for a small scrape to the right leg and a small

hematoma to the right shin.  Officer Prindle was examined by medical staff.  He complained of a

slight strain in his lower back, but remained on duty.  Plaintiff was placed on a special one-on-

one drug watch.

In this action there is one claim left to be decided by the jury.  Plaintiff asserts a violation

of his Eighth Amendment right to be free from cruel and unusual punishment, alleging that

defendant Prindle used excessive force in his pursuit of plaintiff.

The evidence however, will prove that the defendant did not violate plaintiff's rights in

any way on January 18, 2012.

### ARGUMENT

### POINT I

### THE RECORD EVIDENCE FAILS TO SUPPORT A COGNIZABLE CLAIM OF EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983.

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel

and unusual punishments."  *U.S. Const. Amend. VIII*.  An inmate's Eighth Amendment excessive

force claim will turn upon whether ". . . force was applied in a good-faith effort to maintain or

restore discipline, or maliciously and sadistically to cause harm."  *See James v. Coughlin*, 13 F.

Supp. 2d 403, 408-09 (WDNY 1998) (*quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Factors to be considered include "the need for the application of force, the relationship between

the need and the amount of force that was used, [and] the extent of injury inflicted."  *Johnson v.

Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. den.* 414 U.S. 1033 91973); *see generally Richardson

v. Van Dusen*, 833 F.Supp. 146, 151-52 (NDNY 1993).

In considering whether a prison official has subjected an inmate to cruel and unusual

2

punishment through the use of excessive force, a plaintiff must meet both an objective and

subjective standard. *Hudson v. Palmer*, 503 U.S. 1, 6-7 (1992); *Blyden v. Mancusi*, 186 F.3d

252, 262 (2d Cir 1999). "The objective element is that the injury actually inflicted must be

sufficiently serious to warrant Eighth Amendment protection." *Blyden*, 186 F.3d at 262. "The

subjective element is that the defendant must have had the necessary level of culpability, shown

by actions characterized by 'wantonness.'" *Id*. For purposes of an Eighth Amendment use of

force case, "wanton" is defined as "malicious and sadistic" behavior. *Whitley v. Albers*, 475 U.S.

312, 320-21 (1986); *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (outlining the

meaning of "wanton" in different constitutional cases). A use of force does not violate the

Eighth Amendment if "force was applied in a good faith effort to maintain or restore discipline".

*Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010), and not "maliciously and sadistically for the very

purpose of causing harm." *Wilson v. Seiter*, 501 U.S. 294, 321-22 (1976).

     Plaintiff cannot meet either element of the Eighth Amendment standard.

### No Rational Jury Could Find That the Alleged Force Used in the Incident of January 18, 2012 Was Excessive, or That the Defendant Acted With the Requisite Scienter or Used Anything More Than De Minimis Force.

     Plaintiff alleges that he fled from defendant Prindle because the defendant fondled him

during a pat frisk. Compl. ¶ 8. Plaintiff also alleges that, during his subsequent pursuit,

defendant struck him in his lower legs five times. Compl. ¶ 11. Plaintiff further claims that, as a

result of defendant's actions, he received a deep gash, numerous bruises, and abrasions to his

legs. Compl. ¶ 12.

     Defendant's proof will establish that, in fact, no pat frisk was performed during the

subject incident andthat Officer Prindle ordered plaintiff to place his hands on the wall after

observing plaintiff remove an object for his pocket and place it his mouth; that Plaintiff refused

Officer Prindle's repeated orders and began running from Officer Prindle; that plaintiff ignored

Officer Prindle's orders to stop running and lay on the ground; that Officer Prindle struck

plaintiff with his baton twice on his lower legs in a justified attempt to bring plaintiff to the

ground; and that  plaintiff sustained  minor injuries  consistent with Officer Prindle's lawful use

of force.

   On January 18, 2012, defendant Prindle observed plaintiff making an unauthorized

exchange.  When confronted by defendant, plaintiff placed an unknown object in his mouth.

Officer Prindle grabbed the back of plaintiff's sweatshirt and ordered him to place his hands on

the wall for a pat frisk.  Plaintiff resisted and, before any search could be performed, fled, pulling

defendant after him into the armory.  Officer Prindle ordered plaintiff to lay on the floor  and,

when plaintiff refused to obey his direct orders and continued to flee, Officer Prindle attempted

to gain control over him by striking the inmate twice on his lower right leg.  Plaintiff pulled

himself out of his sweatshirt and continued his flight into the bathroom, where he hid behind a

door.  Corrections Officer Todd Brown, who responded to an emergency alarm from defendant

Prindle, apprehended plaintiff in the bathroom and placed him in mechanical restraints.  Plaintiff

sustained minimal injuries as a result of this use of force, a small scrape to the right leg and a

small hematoma to the right shin.  *See*, Def. Exhs. 1, 5.

   Plaintiff cannot present any credible proof that defendant's use of force was excessive or

unreasonable, and, as such, plaintiff's Eighth Amendment claim in this regard should be

dismissed. Even if defendant's proof is entirely disregarded, and plaintiff's own allegations and

proof are viewed in the light most favorable to him, no rational jury could find that any alleged

force used during the incident of January 18, 2012 was excessive.

### A. Based on the objective evidence plaintiff, at most, can only demonstrate a *de minimis* use of force.

The Eighth Amendment will not be implicated unless an inmate has been subjected to physical violence which, as a matter of law, was of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The Court of Appeals for the Second Circuit has instructed that in the prison environment, "[not] every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *see also Romano v. Howarth*, 998 F.2d 101, 105 (2nd Cir. 1993) (discussing *de minimis* use of force); *Bryan v. Admin. of F.C.I. Otisville*, 897 F.Supp.134, 137 (SDNY 1995); *Candelaria v. Coughlin*, 787 F.Supp. 368, 374-75 (SDNY 1992) (*de minimis* force though guard had punched inmate in neck).

Here, defendant Prindle wholly denies that plaintiff was subjected to any excessive force on January 18, 2012.  Defendant witnessed plaintiff engage in an unauthorized exchange and saw plaintiff place an unknown object in his mouth.  Defendant drew the reasonable conclusion that plaintiff was violating departmental rules  Such a violation constitutes a threat to the safety and security of the facility.  Defendant's use of minimal force in striking plaintiff twice in the lower legs was therefore reasonable and justified.  It cannot, in any sense, be termed excessive or "repugnant to the conscience of mankind."

Despite plaintiff's allegations of a brutal assault, plaintiff's Eighth Amendment excessive force claim should fail, as the record medical evidence forecloses plaintiff's claim.  In this action, the objective medical evidence establishes that plaintiff experienced only a *de minimis*

5

use of force on January 18, 2012.

The incident wherein plaintiff alleges he was assaulted occurred at approximately 8:42 a.m. on January 18, 2012.  *See*, Def. Exh. 1.  On January 18, 2012, at 9:10 a.m. (approximately half an hour after the incident), plaintiff was seen by RN II Sue Gaynor with a complaint that an officer had hit him with a baton in both legs, with resulting injuries to the left shin and hamstring and the right shin.  *See*, Def. Exh. 1, Inmate Injury Report.  At that time, the nurse noted that there was an open bleeding lump to the lower right leg and a small scrape to the lower left leg. *Id.*  Although plaintiff complained of pain to the left hamstring, the nurse noted no swelling or bruising in that area.  *Id.*  The nurse also noted that plaintiff denied that there were any other injuries.  *Id.*  After cleansing the bleeding area on plaintiff's right leg, the nurse also ordered an x-ray.  *Id*.

In addition, color photographs were taken of plaintiff on January 18, 2012, in light of his report that day that he was assaulted by staff.  *See*, Def. Exh. 1.  The photographs reflect the accuracy of the nurse's report, revealing a hematoma to the right leg, a scrape to the left leg, and a left hamstring free of any bruising or swelling and nothing else.  The photographs are irreconcilably inconsistent with plaintiff's claim that he sustained a deep gash and numerous bruises and abrasions as the result of excessive force.  *See*, Def. Exh. 1.

There is no indication that plaintiff suffered any serious injury on January 18, 2012 that required more than routine medical attention.  *Id.*  Certainly, plaintiff's medical records, including records of his January 18, 2012 examination, do not demonstrate any injuries indicative of an individual who was the victim of a brutal assault.  The complaints of pain and/or

injury set forth in plaintiff's medical records are not at all consistent with the type, manner or amount of force plaintiff alleges was used on him on January 18, 2012.

Additionally, plaintiff has identified no expert medical witnesses who will testify that his injuries indicate a malicious, brutal, beating.  Such evidence is a critical aspect of plaintiff's burden of proof.  A plaintiff cannot rely upon his own self-serving, non-expert assertions to establish that he suffered more than a *de minimis* injury to support an Eighth Amendment claim, especially in the face of contrary indications in his medical records.  *See Perkins v. Brown*, 285 F.Supp.2d 279, 284 (EDNY 2003); *see also Taylor v. McDuffie*, 155 F.3d 479 (4th Cir. 1998). Moreover, where there is more than one potential etiology for an alleged injury, expert testimony is required to establish causation.  *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d. Cir. 2004). The plaintiff's medical records and other record evidence are simply not consistent with someone who was brutally assaulted by a corrections officer, as alleged by plaintiff. The plaintiff's assertions are the sole evidence offered in support of his claim, despite the fact that the uncontroverted medical records and other prison records wholly conflict with those assertions. The factual evidence in this case simply does not establish a basis for liability.

**B.**     **On the evidence presented no reasonable jury could issue a verdict in plaintiff's favor.**

Plaintiff claims to have been the victim of a brutal assault, which resulted in serious physical injury.  Plaintiff relies on his own testimony, and offers no hard evidence to demonstrate that his version of the events is not wholly fanciful.  In the absence of such evidence, even after drawing all inferences in the light most favorable to the plaintiff, it is respectfully submitted that no reasonable juror would undertake the suspension of disbelief necessary to credit plaintiff's sworn statement that he was brutally assaulted as he alleges.

7

Accordingly, plaintiff's claims of excessive force against the defendant should be dismissed in their entirety, as no reasonable jury could credit his uncorroborated assertions when all viable evidence suggests otherwise.

### Conclusion

For the reasons stated above, this Court should dismiss plaintiff's action in its entirety at the conclusion of the trial.

Dated:  Albany, New York
        April 13, 2015

<div style="margin-left:40%">

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant Simon Prindle
The Capitol
Albany, New York  12224-0341


By: s/ Gregory J. Rodriguez
Gregory J. Rodriguez
Assistant Attorney General, of Counsel
Bar Roll No. 301842
Telephone:  (518) 474-4367
Fax:  (518) 474-5284 (Not for service of papers)
Email: Gregory.Rodriguez@ag.ny.gov

</div>

TO:    **Patrick Sorsby**
       Office of Patrick Sorsby
       180 Colonial Avenue
       Albany, NY 12208

<div style="text-align:center">8</div>